**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUSTIN GOLDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) COMPLAINT |
| STATES NEWSROOM, INC. and | ) |
| NATHANIEL CLINE, DEMANDED | ) JURY TRIAL |
| | ) |
| Defendants. | ) |

Plaintiff Justin Goldman ("Plaintiff"), appearing pro se, for his Complaint against Defendants States Newsroom, Inc. ("States Newsroom") and Nathaniel Cline ("Cline") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., arising from Defendants' unauthorized reproduction and public display of Plaintiff's federally registered photograph of Tom Brady.

2. Defendant Cline publicly displayed the Photograph, without license or authorization, through a post on the social-media platform X (formerly Twitter). The post remains live and the infringing public display is continuing as of the filing of this Complaint.

## THE PARTIES

3. Plaintiff Justin Goldman is an individual and a professional photographer. Plaintiff is the author and owner of the copyright in the Photograph at issue.

4. Upon information and belief, Defendant Nathaniel Cline is an individual and a journalist who reports for the Virginia Mercury. At relevant times, Cline used the social-media account on which the Photograph was displayed in connection with his professional role.

5. Upon information and belief, Defendant States Newsroom, Inc. is a non-profit corporation that owns, operates, and publishes the Virginia Mercury and employs or engages Cline as a journalist. States Newsroom may be served through its registered agent. [Insert registered agent name and address.]

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

7. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants directed the infringing display to and made it accessible within this District, and the infringement occurred, in part, within this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because the infringing public display was accessible in, and directed to, this District, and a substantial part of the events giving rise to the claims occurred here.

## FACTUAL BACKGROUND

9. Plaintiff Justin Goldman is a professional photographer and the sole author and owner of a photograph of Thomas E. "Tom" Brady taken on or about July 2, 2016 in East Hampton, New York, depicting Tom Brady together with Danny Ainge and other individuals associated with the Boston Celtics, titled "Tom Brady in the Hamptons with the Boston Celtics" (the "**Photograph**").

10. The Photograph is registered with the United States Copyright Office under Registration No. VAu 1-250-526, with an effective date of registration of August 1, 2016, and is further the subject of Registration No. VA 1-436-930. A true and correct copy of the Certificate of Registration for Registration No. VAu 1-250-526 is attached hereto as Exhibit A. Plaintiff at all relevant times held the exclusive rights in and to the Photograph under 17 U.S.C. § 106, including the exclusive rights of reproduction, distribution, and public display.

11. Plaintiff's ownership of, and exclusive display right in, the Photograph have already been adjudicated in this District. In *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018), the Court held that the online display of the Photograph through embedded social-media posts may violate Plaintiff's exclusive right of public display under 17 U.S.C. § 106(5).

12. Plaintiff never licensed, sold, assigned, or otherwise authorized Defendants, or either of them, to reproduce, distribute, or publicly display the Photograph.

13. Upon information and belief, Cline reproduced and publicly displayed the Photograph on his X account without authorization, and the infringing post remains live and publicly displayed on that account as of the filing of this Complaint.

14. Upon information and belief, Cline used the account through which the Photograph was displayed in connection with his professional work for the Virginia Mercury, a publication of States Newsroom.

15. The fact that Cline may have first posted the Photograph before formally joining States Newsroom does not eliminate his personal liability and does not foreclose States Newsroom's liability for the continuing, still-public infringement maintained through an account used in connection with his professional role.

16. Plaintiff first discovered the unauthorized display on or about July 12, 2026, and preserved documentary evidence of the infringing post. A true and correct copy of the screenshot of the infringing post is attached hereto as Exhibit B. Under the discovery rule, Plaintiff's claims are timely: Plaintiff did not discover, and in the exercise of reasonable diligence could not have discovered, the infringing display until on or about July 12, 2026, the date on which Plaintiff first notified Defendants of the infringement.

17. On or about July 12, 2026, Plaintiff notified Defendants in writing of the infringement and demanded that they cease the unauthorized use and resolve the matter. Defendants did not compensate Plaintiff or otherwise resolve his claims, and the infringing post remains live.

18. The continued public display of the Photograph after notice, without license or payment, is a continuing and willful infringement of Plaintiff's exclusive rights.

## COUNT I — DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501) (AGAINST DEFENDANT CLINE)

19. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20. Plaintiff owns valid and registered copyrights in the Photograph.

21. Without authorization, Cline reproduced and publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights under 17 U.S.C. § 106, including the rights of reproduction and public display.

22. Upon information and belief, Cline's infringement is willful, in that the display has continued after Cline knew or had reason to know that the display was unauthorized, including after Plaintiff's July 12, 2026 notice.

23. As a direct and proximate result of Cline's infringement, Plaintiff has been damaged and Cline has profited, in amounts to be determined at trial.

## COUNT II — COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) (AGAINST DEFENDANT STATES NEWSROOM, INC.)

24. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. Upon information and belief, the account through which the Photograph was publicly displayed was used in connection with Cline's professional work for the Virginia Mercury, a publication that States Newsroom owns, operates, and controls.

26. Upon information and belief, States Newsroom had the right and ability to supervise or control the infringing activity, including the professional use of the account, and derived a direct financial or promotional benefit from the display; and/or States Newsroom knew or had reason to know of the infringing activity and materially contributed to it by permitting the continued professional use of the account after notice.

27. By reason of the foregoing, States Newsroom is liable for the infringement of Plaintiff's copyrights under 17 U.S.C. § 501, including on theories of vicarious and/or contributory infringement.

28. As a direct and proximate result of the infringement, Plaintiff has been damaged and States Newsroom has profited, in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

(a) A finding that Defendants infringed Plaintiff's copyrights in the Photograph;

(b) Plaintiff's actual damages and any additional profits of Defendants attributable to the infringement pursuant to 17 U.S.C. § 504(b); or, in the alternative and to the extent available, statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement;

(c) A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and those acting in concert with them from further reproducing, distributing, or publicly displaying the Photograph without authorization;

(d) Plaintiff's costs pursuant to 17 U.S.C. § 505, and attorneys' fees to the extent permitted by law;

(e) Pre-judgment and post-judgment interest as permitted by law; and

(f) Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: July 20, 2026

Respectfully submitted,

______________________________

**Justin Goldman**
Plaintiff, Pro Se
15 West 55th Street
New York, NY 10019
Tel: 201-334-6130
Email: justin@pr1mesound.com

## EXHIBIT INDEX

| | |
|---|---|
| **Exhibit A** | Certificate of Copyright Registration (Reg. No. VAu 1-250-526) |
| **Exhibit B** | Screenshot of Nathaniel Cline's X post displaying the Photograph (live as of filing) |

# EXHIBIT A

Certificate of Copyright Registration
(Reg. No. VAu 1-250-526)

**Registration Number**
**VAu 1-250-526**
**Effective Date of Registration:**
August 01, 2016

## Title

**Title of Work:** Tom Brady in the Hamptons with the Boston Celtics

## Completion/Publication

**Year of Completion:** 2016

## Author

- **Author:** Justin Goldman
  **Author Created:** photograph
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1998

## Copyright Claimant

**Copyright Claimant:** Justin Goldman
680 West End Avenue, Apartment 4D, New York, NY, 10025, United States

## Rights and Permissions

**Organization Name:** Norwick, Schad & Goering
**Name:** Kenneth P. Norwick
**Email:** ken@norwickschad.com
**Telephone:** (212)751-4440
**Alt. Telephone:** (917)819-2990
**Address:** 110 East 59th Street
New York, NY 10022 United States

## Certification

**Name:** William Cooper Knowlton
**Date:** August 01, 2016

# EXHIBIT B

Screenshot of Infringing X Post (Nathaniel Cline)

**Nathaniel Cline** @nathanielcline · Jul 2, 2016

Boston is pulling out all the stops. Where's Big Papi?

> **247Sports** @247Sports · Jul 2, 2016
>
> Celtics bring Tom Brady to help recruit Kevin Durant (pic via @tvabby)

