UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN GOLDMAN,

Plaintiff,

-against-

STATES NEWSROOM, INC.,
NATHANIEL CLINE,

Defendants.

26-CV-6171 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the Copyright Act of 1976, 17 U.S.C. §§ 101 and following, alleging that Defendants collectively posted Plaintiff's photograph of Tom Brady without authorization on a social media platform. Plaintiff alleges that Defendant Nathaniel Cline ("Cline") is a reporter with Virginia Mercury, a publication of Defendant States Newsroom, Inc. ("States Newsroom"), and that Cline published this photograph in connection with his work for the Virginia Mercury. Plaintiff has not provided either Defendant's address. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Columbia.

**DISCUSSION**

**A. Venue in Copyright Infringement Actions**

Plaintiff does not allege where either Defendant or their agents may be found; however, publicly available data regarding Defendants show that the Southern District of New York is not a proper venue for this action.[1] A civil action for copyright infringement "may be instituted in the

[1] Courts may take judicial notice of publicly available information, including from a website. *See Force v. Facebook, Inc.*, 934 F.3d 53, 60 (2d Cir. 2019) (citing *23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) (taking judicial notice of content of website whose authenticity was not in question)).

district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). None of the Defendants or their agents reside or may be found in this district. First, Cline's profile on X, the social media platform formerly known as Twitter, suggests that he is based in the greater Washington, D.C. area. *See* Nathaniel Cline (@nathanielcline), X, https://x.com/nathanielcline (indicating "DMV" [District of Columbia, Maryland, Virginia] as his location). Second, Virginia Mercury, which is not a party in this action, is a fictitious name for States Newsroom, and States Newsroom's registered agent in Virginia is First Corporate Solutions, Inc., whose registered office address is 7288 Hanover Green Drive, Mechanicsville, Virginia 23111, which is in Hanover County, Virginia. Finally, States Newsroom itself has two offices: one in Chapel Hill, North Carolina, which is in Orange and Durham Counties, North Carolina, and one in Washington, District of Columbia. *See* States Newsroom, https://statesnewsroom.com/about.

Based on this information, proper venue under 28 U.S.C. § 1400(a) could be: 1) the Eastern District of Virginia, *see* 28 U.S.C. § 127(a) (the Eastern District of Virginia includes Hanover County); 2) the Middle District of North Carolina, *see* 28 U.S.C. § 113(b) (the Middle District of North Carolina includes Durham and Orange Counties); or 3) the District of Columbia, *see* 28 U.S.C. § 88. Because States Newsroom and Cline may be found in or near Washington, District of Columbia, the United States District Court for the District of Columbia is the most appropriate venue.

**B. Venue Generally**

The Southern District of New York is also not proper under the general venue statute. Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

> this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's conclusory allegations do not show the Southern District of New York is a proper venue under § 1391(b). Plaintiff alleges only that Cline posted Plaintiff's photograph on X without Plaintiff's authorization.[2] (ECF No. 1 at 2, ¶¶ 9–15.) He does not plead the residence of any defendant, asserting only that "Defendants directed the infringing display to and made it accessible within [the Southern District of New York] and the infringement occurred, in part, within this District." (*Id.* at ¶ 7.) Plaintiff further alleges that "the infringing display was accessible in, and directed to, [the Southern District of New York]." (*Id.* at ¶ 8.) These allegations do not satisfy 1391(b)(2)'s requirements that "a substantial part of the events or omissions giving rise to the claim occurred." Because Defendants are located in or around Washington, District of Columbia, and Cline allegedly acted while in or around Washington, District of Columbia, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in or around

[2] Plaintiff acknowledges that the photograph may have been posted before Cline's employment with Virginia Mercury (ECF No. 1 at ¶ 15); the screenshot Plaintiff includes in his complaint shows that Cline's post was a "retweet" of another X (formerly known as Twitter) profile's post publishing Plaintiff's photograph (*id.* at 7).

Washington, District of Columbia, which is in the District of Columbia. *See* 28 U.S.C. § 88. Accordingly, venue lies in the District of Columbia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Columbia, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 19, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge